FILED

10 SEP -3 PM 1:34

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>                        Plaintiff,<br>vs.<br><br>GABRIELA ANNA ZALEMBA; et al.,<br><br>                        Defendants. | CASE NO. 10-cv-1643 BEN (BLM)<br><br>ORDER REMANDING CASE |

For the reasons set forth herein, the Court remands sua sponte the above-captioned action to San Diego Superior Court.

This action is an unlawful detainer action initially filed in San Diego Superior Court, Central Division. The Complaint alleges that Plaintiff is the trustee for the owner of real property located at 7405 Charmant Drive, Unit 2401, San Diego, California 92122. (Compl,. ¶¶ 3-4, Ex. A.) Plaintiff alleges it served Defendants with written notice to vacate the property, but Defendants failed to vacate the property and continue to fail to vacate the property. (*Id.* at ¶¶ 5-7.) Plaintiff seeks, among other things, possession of the property and payment for the reasonable rental value of the property. (*Id.* at ¶ 8.)

On August 6, 2010, Defendant Zalemba filed a Notice of Removal, thereby removing the action to this Court. (Docket No. 1.)

Section 1447(c) of title 28 of the United States Code provides "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

1 | remanded." 28 U.S.C. § 1447(c). After reviewing the Complaint, the Court finds it lacks subject matter jurisdiction.

Removal jurisdiction statutes are strictly construed against removal. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). "The burden of establishing federal jurisdiction falls on the party invoking removal." *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930 (9th Cir. 1994) (quoting *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 771 (9th Cir. 1986)). Here, Zalemba's removal is not based on a federal question or diversity jurisdiction existing in this case, but rather on supplemental jurisdiction alleging arising from a claim under the "Protecting Tenants at Foreclosure Act of 2009" that she asserts in *Zalemba v. HSBC Bank USA*, United States District Court for the Southern District of California, Case No. 10-cv-1646. (Not. Removal, ¶ 4.) This is not sufficient, however, to support removal.

Removal is proper only if *this action* could have originally been filed in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded *complaint* establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (emphasis added). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ( "[N]either an affirmative defense based on federal law. . . nor one based on federal preemption. . . renders an action brought in state court removable."). Moreover, federal courts have held that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but rather provides directives to state courts. *Nativi v. Deutsche Bank Nat'l Trust*, 2010 WL 2179885 (N.D. Cal. 2010). The Court also notes Zalemba's removal may be defective in that the Notice of Removal was not filed with the consent of the other named defendants. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232-33 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties."). In any event, because this Court does not have subject matter jurisdiction, the case must be remanded to State Court.

///

///

1    In light of the above, the Court hereby remands this case sua sponte to the San Diego Superior
2 Court.
3 **IT IS SO ORDERED**.
4 Date: September 3, 2010

Hon. Roger T. Benitez
United States District Court Judge